# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| ERNEST D. WEBB, #314587, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>CECILIA R. REYNOLDS, )<br>WARDEN KERSHAW )<br>CORRECTIONAL INSTITUTION, )<br>)<br>Respondent. )<br>_____) | Civil Action No. 3:11-2541-JFA-JRM<br><br>**REPORT AND RECOMMENDATION** |

Petitioner, Ernest D. Webb ("Webb"), is an inmate with the South Carolina Department of Corrections serving a sentence of fifteen years for trafficking in methamphetamine and fifteen years (concurrent) for felony driving under the influence resulting in great bodily injury. He filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 16, 2011.[1] Respondent filed a return and motion for summary judgment on February 2, 2012. Because Webb is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on February 3, 2012 explaining to him his responsibility to respond to the motion for summary judgment. Webb filed his response to Respondent's motion on May 29, 2012.

## **Background and Procedural History**

On May 30, 2004, Webb was involved in a vehicular accident which resulted in great bodily injury to the driver of the other automobile. A hospital blood test was positive for methamphetamine

---

[1]Filing date under Houston v. Lack, 487 U.S. 266 (1988).

and THC. A guilty plea was scheduled for October 19, 2005, but Webb did not appear, and a bench warrant was issued. Webb was arrested on that day and was found to be in possession of methamphetamine. Webb pled guilty to both charges on March 23, 2006. He was represented by Delane Rosemond, Esquire on the driving under the influence ("DUI") charge and Daniel Day, Esquire and Derek Enderlin, Esquire on the drug charge. The court accepted a negotiated plea of fifteen years, concurrent, on the charges. Webb did not file a direct appeal.

On February 6, 2007, Webb filed separate applications for post-conviction relief ("PCR") with respect to the drug conviction (App. 36) and DUI conviction (App. 43). The State moved to consolidate or merge the two PCRs. No formal order was issued but the cases were handled together under the PCR challenging the drug conviction. An evidentiary hearing was held on April 21, 2008. (App. 59). Webb was represented by Karen Ballenger, Esquire. The PCR court issued an order of dismissal on July 2, 2008.[2] A Johnson[3] petition for writ of certiorari was filed by the South Carolina Office of Indigent Defense raising the following issue:

> Did the PCR judge err in refusing to find counsel ineffective for failing to move to suppress the results of blood tests obtained prior to petitioner's arrest for felony driving under the influence?

Webb did not file a *pro se* brief pursuant to state procedure. The petition for writ of certiorari was denied on September 16, 2010. The Remittitur was returned on October 5, 2010.

### Grounds for Relief

In his present petition, Webb asserts he is entitled to a writ of habeas corpus on the following grounds:

---

[2]On March 5, 2012, the PCR court for the DUI conviction dismissed that case since it had been resolved in the other PCR case.

[3]Johnson v. State, 364 S.E.2d 201 (S.C. 1988).

**Ground One:** Jurisdiction issue on Grand Jury

> Supporting facts: The grand jury returned a True-Bill indictment on a date in which according ... to Court Administration, there was no general session on that date in Oconee County;

**Ground Two:** Body of Evidence And Chain of Custody

> Supporting facts: The State failed to includ[e] evidence supporting Great body Injury; The State never gave a Complete Chain;

**Ground Three:** Sham legal Process, Jurisdiction, Due process

> Supporting facts: The Grand jury did not return a true-Bill while in session. Therefor did not have subject matter jurisdiction or give petitioner Due process.

**Ground Four:** Illegal Search

> Supporting facts: The officers executing a[n] arrest warrant failed to purchase a search warrant to search in the residence.

Webb also included two attachments to his petition. Respondent summarizes the grounds in the attachments as follows:

1. Due process and equal protection [motion to suppress];

2. Unreasonable search and seizure [motel room and blood sample], and ineffective assistance of counsel in not having suppression hearing;

3. Right against self-incrimination [declined to give blood sample];

4. Interpret legislative statute [references grand jury action; enhancement; and authorization for blood sample];

5. Chain of custody violation [blood sample], and ineffective assistance in not objecting;

6. Improper meeting of grand jury, and failure of counsel to investigate grand jury meeting.

7. Failed to investigate issue of consent for blood sample and chain of custody;

3

8. Allowed plea that was invalid [sentence exposure allegedly misunderstood];

9. Failed to sufficiently consult [plea negotiations];

10. Failed to challenge sentence enhancement;

11. Failed to attempt to suppress evidence of search [motel room];

Webb does not object to Respondent's statement of his grounds for relief.

## Discussion

A. Procedural Bar

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

**1. Exhaustion**

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is either an absence of available State corrective process; or

4

>   > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. *See* O'Sullivan v. Boerckel, 526 U.S. 838 ( 1999).

The United States Supreme Court has consistently enforced the exhaustion requirement.

> The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act....

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. *See* SCACR 207(b)(1)(B) and Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (1976). The second avenue is by filing an application for post-conviction relief ("PCR"). See S.C. Code Ann. § 17-27-10 *et seq*. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

A PCR applicant is also required to state all of his grounds for relief in his application. *See*, S. C. Code Ann. § 17-27-90. A PCR applicant cannot assert claims on collateral attack which could have been raised on direct appeal. Simmons v. State, 264 S.C. 417, 215 S.E.2d 883 (1975). Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. The South Carolina Supreme Court will only consider claims specifically addressed by the PCR court. If the PCR court fails to address a claim as is required by S.C.Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. Marlar v. State, 375 S.C. 407, 653 S.E.2d 266 (2007). In Bostic v. Stevenson, 589 F.3d 160, 162-65 (4th Cir. 2009), the Fourth Circuit held that, prior to the decision of the South Carolina Supreme Court in Marlar, that South Carolina courts had not consistently enforced a procedural bar based on the PCR applicant's failure to file a motion pursuant to Rule 59(e). Therefore, for matters in which the PCR court ruled prior to Marlar (i.e., November 5, 2007), this Court should not consider the failure of the applicant to file a Rule 59(e) motion to obtain a ruling on a properly raised issue as a procedural bar.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim.[4] Further, he may present only those claims which have been squarely presented to the South Carolina appellate courts. "In order to avoid procedural default [of a claim],

---

[4] In cases where the South Carolina Supreme Court applied a procedural bar, however, this court is directed to also apply that bar, except in certain limited circumstances. See discussion below on procedural bypass.

6

the substance of [the] claim must have been fairly presented in state court...that requires the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999) (internal quotes and citations omitted). If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983). If petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. *See* Rose v. Lundy, *supra*.

### 2. Procedural Bypass[5]

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised

---

[5]This concept is sometimes referred to as procedural bar or procedural default. If a petitioner procedurally bypasses his state remedies, he is procedurally barred from raising them in this court.

at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both 'cause' for noncompliance with the state rule and 'actual prejudice resulting from the alleged constitutional violation.'

Smith v. Murray, *supra*, quoting Wainwright v. Sykes, 433 U.S. at 84 (1977); *see also* Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. *See* Murray v. Carrier, 477 U.S. 478, 496 (1986).

### 3. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner in this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts, and this court is barred from considering the claim (absent a showing of "cause" and "actual prejudice"). In such an instance, the

exhaustion requirement is "technically met" and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert. denied, 522 U.S. 833 (1997) citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-98 (1989); and George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996).

### 4. Excusing Default

The requirement of exhaustion is not jurisdictional, and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1989). First, a petitioner may obtain review of a procedurally barred claim by establishing cause for the default and actual prejudice from the failure to review the claim. Coleman v. Thompson, 501 U.S. at 750 and Gary v. Netherland, 518 U.S. 152, 162 (1996). Second, a petitioner may rely on the doctrine of actual innocence.

A petitioner must show both cause and actual prejudice to obtain relief from a defaulted claim. In this context, "cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986). A petitioner may establish cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, demonstrate the novelty of his claim, or show interference by state officials. Murray v. Carrier; Clozza v. Murray, 913 F.3d 1092 (4th Cir. 1990), *cert. denied*, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir.), *cert. denied*, 485 U.S. 1000 (1988). Because a petitioner has no constitutional right to counsel in connection with a PCR application and/or an appeal from the denial thereof, he cannot establish cause for procedural default of a claim by showing that PCR counsel was ineffective. Wise v.

Williams, 982 F.2d 142, 145 (4th Cir. 1992) *cert. denied*, 508 U.S. 964 (1993). A petitioner must show reasonable diligence in pursuing his claim to establish cause. Hoke v. Netherland, 92 F.3d 1350, 1354 n. 1 (4th Cir. 1996). Further, the claim of cause must itself be exhausted. Edwards v. Carpenter, 529 U.S. 446 (2000) (failure of counsel to present issue on direct appeal must be exhausted in collateral proceeding as ineffective assistance to establish cause for default).

Generally, a petitioner must show some error to establish prejudice. Tucker v. Catoe, 221 F.3d 600, 615 (4th Cir.), *cert. denied*, 531 U.S. 1054 (2000). Additionally, a petitioner must show an actual and substantial disadvantage as a result of the error, not merely a possibility of harm to show prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997).

"Actual innocence" is not an independent claim, but only a method of excusing default. O'Dell v. Netherland, 95 F.3d 1214, 1246 (4th Cir. 1996), *aff'd*, 521 U.S. 151 (1997). To prevail under this theory, a petitioner must produce new evidence not available at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999). A petitioner may establish actual innocence as to his guilt, *Id.*, or his sentence. Matthews v. Evatt, 105 F.3d 907, 916 (4th Cir. 1997).

### 5. Procedure

Procedural default is an affirmative defense which is waived if not raised by respondents. Gray v. Netherland, 518 U.S. at 165-66. It is petitioner's burden to raise cause and prejudice or actual innocence. If not raised by petitioner, the court need not consider the defaulted claim. Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), *cert. denied*, 517 U.S. 1171 (1996).

The only issue Webb has ever presented to the South Carolina appellate courts was the one contained in the Johnson petition, i.e., counsel was ineffective for failing to move to suppress the results of the blood test in his DUI case. All other claims stated by Webb in the present petition are

procedurally barred. Webb has not attempted to show cause or prejudice for his failure to present the other claims, and they will not be addressed in this Report and Recommendation.

B. Ineffective Assistance of Counsel

Since Webb filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied,* 521 U.S. 371 (1998) and Green v. French, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d). *See* Williams v. Taylor, 529 U.S. 362 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases .... A state- court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.
>
> * * *
>
> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the

11

> particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

*Id.* at 1519-20. Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521.

Webb asserts that counsel in his DUI case was ineffective for failure to move to suppress the results of the drug test following the automobile accident.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

* * *

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added).

Strickland at 694-95.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the Strickland test. *See* Williams v. Taylor, 529 U.S. 362 (2000). ("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.")

Ineffective assistance of counsel claims may be asserted in limited circumstances where the petitioner has entered a plea of guilty. A guilty plea generally precludes the petitioner from challenging defects in the process which occurred prior to the plea. He "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann." Tollett v. Henderson, 411 U.S. 258, 267 (1973). When such a claim is raised, the voluntariness issue is subsumed within the claim of effectiveness of the attorney's assistance. Hill v. Lockhart, 474 U.S. 52, 56 (1985).

In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent, i.e., the first prong of the Strickland test. Under this prong, counsel "has a duty to make reasonable investigations or to make

13

a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. The prejudice prong of the Strickland test is modified and the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

This issue was considered and rejected by the PCR court. Counsel testified that he would have made a suppression motion if Webb had not elected to plead guilty. Furthermore, the PCR court found no error in counsel's failure to file the motion to suppress. The court found as fact that the blood sample was properly drawn, it was tested by the South Carolina Law Enforcement Division ("SLED"), and Webb presented no evidence that the chain of custody was compromised. (App. 125). Webb has not shown that the PCR court's decision was contrary to or an unreasonable application of the Strickland test.

## Conclusion

Based on a review of the record, it is recommended that Respondent's motion for summary judgment be **granted**, and the petition **dismissed** without an evidentiary hearing.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina
July 27, 2012

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).