UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ernest D. Webb, #314587, | ) | C/A No. 3:11-2541-JFA-JRM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Cecilia R. Reynolds, Warden, Kershaw | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Ernest D. Webb, is an inmate with the South Carolina

Department of Corrections.  He brings this action pursuant to 28 U.S.C. § 2254 challenging

his state court convictions for trafficking in methamphetamine and felony driving under the

influence.  He asserts that counsel in his DUI case was ineffective for failing to move to

suppress the results of the drug test following his automobile accident.

The Magistrate Judge assigned to this action[1] has prepared a Report and

Recommendation and opines that the respondent's motion for summary judgment[2] should be

granted.  The Report sets forth in detail the relevant facts and standards of law on this matter,

_____

[1]  The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil
Rule 73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has
no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews
v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions
of the Report and Recommendation to which specific objection is made, and the court may accept, reject,
or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the
Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2]  An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner
of the summary dismissal procedure and possible consequences if he failed to adequately respond to the
motion for summary judgment. Petitioner responded to the motion.

and the court incorporates such without a recitation and without a hearing.

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on July 27, 2012. The petitioner filed timely objections to the Report. Thus, this matter is ripe for review.

*Standard of Law*

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255(1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, *see, e.g.*, *Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990).

The Report recites the factual and procedural background giving rise to this action. Briefly, the petitioner pled guilty to both charges on March 23, 2006. He did not file a direct appeal of his conviction. His post-conviction relief application (PCR) was dismissed and his petition for writ of certiorari was denied with the remittitur returned on October 5, 2010.

In the § 2254 petition before this court, Webb raises various claims of jurisdictional and due process violations, improper search and seizure, and ineffective assistance of counsel. However, the Magistrate Judge concludes that all of the claims by Webb in his present petition are procedurally barred except one, and that Webb has not attempted to show cause or prejudice for his failure to present the other claims. The petitioner's one surviving claim is that counsel was ineffective for failing to move to suppress the results of the blood test in his DUI case.

In a § 2254 petition, the standard of review to be applied is quite deferential to the rulings of the state courts. Pursuant to the standards set forth in 28 U.S.C. § 2254, a federal court may not grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state court proceedings unless the state court's adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law,

as determined by the Supreme Court of the United States, 28 U.S.C. § 2254(d)(1); or (2)

resulted in a decision that was based on an unreasonable determination of the facts in light

of the evidence presented in the State court proceeding. § 2254(d)(2). See *Burch v.*

*Corcoran*, 273 F.3d 577, 583 (4th Cir. 2001).

The Supreme Court has explained that a State court adjudication is "contrary" to

clearly established federal law, only if "the state court arrives at a conclusion opposite to that

reached by [the Supreme] Court on a question of law or if the state court decides a case

differently than [the Supreme] Court has on a set of materially indistinguishable facts."

*Williams v. Taylor*, 529 U.S. 362, 413 (2000). An unreasonable application is different from

an incorrect application of federal law, the former being the requisite showing. Therefore,

this court may not issue the writ even if it concludes in its own independent review, that the

relevant state court merely made an incorrect or erroneous application of the correct federal

principles. *Id.* Demonstrating that a state court's decision is unreasonable requires

overcoming "a substantially higher threshold" than simply demonstrating error. *Schriro v.*

*Landigran*, 550 U.S. 465, 473 (2007) (citing *Williams,* 529 U.S. at 410). "When assessing

the reasonableness of the state court's application of federal law, the federal courts are to

review the result that the state court reached, not whether [its decision] [was] well reasoned."

*Larry v. Branker*, 552 F.3d 356, 365 (4th Cir. 2009) (citing *Wilson v. Ozmint*, 352 F.3d 847,

855 (4th Cir. 2003)).

As noted earlier in this order, the petitioner pled guilty to drug trafficking and felony

DUI. A guilty plea generally precludes a petitioner from challenging defects in the process

which occurred prior to the plea. Here, the petitioner must show that his lawyer's

4

performance was incompetent under the first prong of the *Strickland* test where counsel has

"a duty to make reasonable investigations or to make a reasonable decision that makes

particular investigations unnecessary." *Strickland v. Washington*, 466 U.S. 668, 691 (1984).

In *Strickland,* the Supreme Court set forth two factors that must be considered in

evaluating claims for ineffective assistance of counsel.  First, a petitioner must show that his

counsel committed error.  If an error occurred, the court must determine whether the error

resulted in prejudice to the defendant/petitioner.

The claim of counsel's ineffectiveness for failure to file a motion to suppress was

presented to the state PCR judge, and, after hearing from the petitioner and his former trial

counsel, the state PCR judge resolved all of the credibility issues adversely to the petitioner

and dismissed the PCR application.  At the PCR evidentiary hearing, counsel testified that

he would have made a suppression motion had Webb not elected to plead guilty.  The PCR

court found no error in counsel's failure to file a motion to suppress.  The PCR court further

found as fact that the blood sample was properly drawn, and tested by the South Carolina

Law Enforcement Division, and that the chain of custody was proper.

The Magistrate Judge opines, and this court agrees, that the PCR court's decision was

not contrary to or an unreasonable application of clearly established federal law under

*Strickland*, nor was the PCR court's decision based on an unreasonable determination of the

facts in light of the evidence presented in the State court proceeding.

The court has carefully reviewed all of the objections made by the petitioner and has

conducted the required *de novo* review.  Having done so, the court determines that the

Magistrate Judge's recommended disposition is correct.  Accordingly,  the objections are all

5

overruled and the Report and Recommendation is incorporated herein by reference. The

respondent's motion for summary judgment (ECF No. 18) is granted and the habeas petition

is denied.

Because the defendant has failed to make "a substantial showing of the denial of a

constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[3]

IT IS SO ORDERED.

August 23, 2012                         Joseph F. Anderson, Jr.
Columbia, South Carolina                United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).